IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WAYNE G. FARLEY, ) | |
| No. 47376-424, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 19-cv-871-NJR |
| ) | |
| T.G. WERLICH, ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner, a federal prisoner currently incarcerated at the FCI-Greenville, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement. He asserts that in light of *Rehaif v. United States*, __ U.S. __, 139 S. Ct. 2191 (June 21, 2019), his conviction and sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2), should be vacated. (Doc. 1, p. 5).

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.[1] Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner was convicted upon a plea of guilty in the Northern District of Illinois (Case No. 14-cr-50033), and sentenced on April 30, 2015, to 92 months' imprisonment. (Doc. 1, p. 1). He did not appeal his sentence, nor did he file a motion under 28 U.S.C. § 2255 motion. (Doc. 1, p. 1).

---

[1] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

1

Petitioner claims that in his case, the Government failed to prove that he had knowledge of his felony status when he possessed the firearm.

In *Rehaif*, the Supreme Court held that:

> [I]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. We express no view, however, about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue here.

*Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019) (defendant's conviction for illegal possession of firearm and ammunition was based on his status of being illegally or unlawfully in the United States; reversing/remanding because the Government had not been required to prove at trial that defendant knew he was unlawfully in the country).

Given the limited record and the still-developing application of *Rehaif*, it is not plainly apparent that Petitioner is not entitled to habeas relief. Without commenting on the merits of Petitioner's claims, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts, and a response shall be ordered.

## Disposition

**IT IS HEREBY ORDERED** that Respondent shall answer or otherwise plead within thirty days of the date this order is entered (on or before **November 15, 2019**).[2] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District

---

[2] The response date ordered herein is controlling. Any date that the Case Management/Electronic Case Filing ("CM/ECF") system should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and the Respondent) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: October 15, 2019

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**