## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**WAYNE G. FARLEY,**

      **Petitioner,**

**v.**                              **Case No. 19-CV-871-SPM**

**T.G. WERLICH,**

      **Respondent.**

## <u>MEMORANDUM AND ORDER</u>

**McGLYNN, District Judge:**

Petitioner, Wayne Farley ("Farley"), filed a Habeas Petition Under 28 U.S.C. § 2241 challenging his sentence based on the Supreme Court's decision in *Rehaif v. United States* that his current sentence can no longer be justified as it violates the law of the United States.  588 U.S. __, 139 S. Ct. 2191 (2019). (Doc. 1). On January 16, 2020, Respondent filed a Response to Farley's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 9). On January 16, 2020, Farley was granted until March 2, 2020 to file any reply. (Doc. 10). More than eight (8) months has elapsed since that deadline and the Court has received no further communication from Farley. According to the Bureau of Prisons, Farley has been transferred from Greenville FCI and is currently residing in Chicago RRM with an anticipated release date in early 2021; however, Farley has not updated the Court as to any change of address. Additionally, mail to petitioner at Greenville FCI was returned on October 26, 2020 as undeliverable. (Doc. 12).

**<u>Relevant Facts and Procedural History</u>**

On July 15, 2014, Farley was charged in an indictment with a single violation of 18 U.S.C. § 922(g)(1). (Doc. 1). The charge was predicated on an incident that occurred on May 28, 2014 when defendant was approached by police in Rockford, Illinois at a time when he had two firearms in his possession. (Doc. 9-1). At the time of this incident, defendant had previously been convicted of five felony offenses, and one misdemeanor, in Illinois Circuit Courts, *to wit:* (i) On or about January 9, 2006, in case number 2005CF796 in the Circuit Court of Winnebago County, Illinois, defendant was convicted of sale of a firearm to a felon and was sentenced to 30 months probation and 90 days in jail; (ii) On August 31, 2006, in case number 2006CF2575 in the Circuit Court of Winnebago County, Illinois, defendant was convicted of delivery of a controlled substance and was sentenced to 4 years in prison; (iii) On September 13, 2006, in case number 2006CF2561 in the Circuit Court of Winnebago County, Illinois, defendant was convicted of being a felon in possession of a firearm and was sentenced to 12 months conditional discharge and 140 days in jail; (iv) On March 9, 2009, in case number 2008CF83 in the Circuit Court of Ogle County, Illinois, defendant was convicted of residential burglary and was sentenced to 5 years in prison; (v) On March 10, 2009, in case number 2007CF4532 in the Circuit Court of Winnebago County, Illinois, defendant was convicted of felony theft and was sentenced to 3 years in prison; and, (vi) On August 27, 2012, in case number 2012CF753 in the Circuit Court of Winnebago County, Illinois, defendant was

conviction of obstructing identification, a misdemeanor and was sentenced to 12 months conditional discharge and 140 days in jail. *Id.*

On January 13, 2015, Farley entered into a guilty plea to the charge against him via a written plea agreement.[1] *Id.* Although the maximum sentence was 10 years imprisonment, Farley and the government agreed that his base offense level would be 24 and that his criminal history points equaled 15, which is Category VI. *Id.* Farley and the government also agreed that the anticipated advisory sentencing range would be 92 to 115 months, which equates to 7.66 years and 9.58 years. *Id.*

The plea agreement contained the following waiver of appellate and collateral rights:

> "Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal his conviction and sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal his conviction, any pre-trial rulings by the Court, and any part of the sentence (or the manner in which that sentence was determined), including any term of imprisonment and fine within the maximums provided by law, and including any order of forfeiture, in exchange for the concessions made by the United States in this Agreement. In addition, defendant also waives his right to challenge his conviction and sentence, and the manner in which the sentence was determined, in any collateral attack or future challenge, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel, not does it prohibit defendant from seeking a reduction of sentence based directly on a change in the law that is applicable to defendant and that, prior to the filing of defendant's request for relief has been expressly made retroactive by an Act of Congress, the Supreme Court, or the United States Sentencing Commission.  (Doc. 9-1, p. 13).

---

[1] Defendant entered into plea agreement in the United States District Court for the Northern District of Illinois on January 14, 2015 in cause number 14-CR-50033.

On April 20, 2015, the Court sentenced Farley to 92 months imprisonment. (Doc 9-1, p. 3). Farley did not appeal his conviction. *Id.* Farley filed a claim for relief under 28 U.S.C. § 2255, contending that he was entitled to resentencing as a result of the consideration of his prior burglary conviction in computing his sentencing guidelines range; however, it was dismissed as untimely. [2] *Id.*

## Legal Analysis

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing but are instead limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). As such, aside from the direct appeal process, a prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. *Id.* at 694. A Section 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction". *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A prisoner is usually limited to only one challenge of his conviction and sentence under Section 2255, and may not file a second or successive Section 2255 motion, *unless* a panel of the appropriate court of appeals certifies that such a motion contains either: (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" (actual innocence); or, (2) "a new

---

[2] Petitioner, Wayne G. Farley, filed his Petition for Relief from Judgment in the United States District Court for the Northern District of Illinois, *to wit*: 16CV50286.

rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255 (*emphasis added*).

## I.   <u>Waiver</u>

Ostensibly relying on *Rehaif v. United States*, 588 U.S. __, 139 S. Ct. 2191 (2019), Farley argues that his current sentence can no longer be justified because it violates the law of the United States. (Doc. 1).  On June 1, 2019, the Supreme Court held in Rehaif that [I]n a prosecution under 18 U.S.C. § 922(g) and §924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm, 588 U.S. __, 139 S. Ct. 2191 (2019). In so holding; however, the Court declined to express what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue. *Id. Rehaif* did not hold that § 922(g) convictions were unconstitutional or otherwise invalid. *Id.* Instead, the Supreme Court interpreted the statute and held that the correct interpretation of § 922(g) included the element that an individual must know not only that he possessed the firearm or ammunition, but also that he belonged to the relevant category of people barred from possessing a firearm. *Id.*

There is no doubt that a plea agreement may include a valid waiver of the right to appeal and to file a collateral attack, and that such waivers are generally enforceable, with limited exceptions. *Solano v. United States,* 812 F.3d 573 (7th Cir. 2016). The limited exceptions are where the plea agreement itself was involuntary, the defendant argues ineffective assistance of counsel with regard to the negotiation of the plea, the sentencing court relied on a constitutionally impermissible factor such

as race, or the sentence exceeding the statutory maximum. *Keller v. United States,* 657 F.3d 675 (7th Cir. 2011).

None of those factors are present in the instant case.  First, Farley is not contesting that the plea was involuntary.  Second, Farley does not argue ineffective assistance of counsel with regard to negotiating his plea.  Third, Farley does not allege that the sentencing court relied on a constitutionally impermissible factor, such as race.  Finally, Farley does not argue that his sentence exceeded the statutory maximum.  To the contrary, in his petition Farley seeks relief under 2241 and the recent United States Supreme Court decision in *Rehaif v. United States,* 588 U.S. \_\_, 139 S. Ct. 2191 (2019); (Doc. 1).

The waiver in this case includes another exception in that it does not "prohibit defendant from seeking a reduction of sentence based directly on a change in the law that is applicable to defendant and that, prior to the filing of defendant's request for relief, has been expressly made retroactive by an Act of Congress, the Supreme Court, or the United States Sentencing Commission. (Doc. 9-1).  However, Farley's reliance on *Rahaif* is mistaken. Contrary to his assertions, Farley was not convicted nor is he being punished for a crime that does not exist according to law.

In the plea agreement, Farley acknowledged his prior criminal history. (Doc. 9-1). In fact, pages 6-7 of the agreement set forth subparagraphs i through vi, which detail five (5) prior felony offenses, 3 of which resulted in 4, 5 and 3 year periods of prison respectively. *Id.* With five prior felony convictions, four of which involved

twelve (12) year sentences in the Illinois Department of Corrections[3], Farley cannot plausibly argue that he did not know he was a convicted felon and/or that his maximum punishment exceeded one (1) year. *See United States v. Williams*, 946 F.3d 968 (7th Cir. 2020). Furthermore, Farley has not contended that he would not have pled guilty had he known about the knowledge requirement imposed in *Rehaif*.

Because *Rehaif* did not announce a new rule of constitutional law and merely resolved a question of statutory interpretation, there is no exception at play where the waiver is not applicable. *Rehaif* provides no relief in this specific instance. *Rehaif* does not require the Government to prove that it knew felons were prohibited from possessing firearms, merely that a person knew they were part of a class of persons designated in Section 922(g), including felons. 139 S.Ct. at 2196

Farley knew of his felon status at the time of the plea and his claim is precluded as a result of the collateral review waiver to which he agreed as part of his plea agreement. His claim does not fall into one of the "few and narrow" grounds for not enforcing the voluntary and effectively counseled waiver of direct appeal or collateral review. *United States v. Campbell,* 813 F.3d 1016 (7th Dir. 2016).

## II.   <u>Savings Clause</u>

Under very limited circumstances, it is possible for a prisoner to challenge his federal conviction or sentence under Section 2241. Specifically, 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under  § 2255 is "inadequate or ineffective to test the legality of his

---

[3] *Defendant was sentenced to 12 years incarceration. This Court does not know the amount of credit received or the actual time served.*

7

detention." 28 U.S.C.  28 U.S.C. § 2255(e). *See Hill v. Werlinger,* 695 F.3d 644 (7t Cir. 2012*).*

The Seventh Circuit has examined the savings clause, and has held that "a procedure for postconviction relief can be fairly termed inadequate when it is so configured to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport,* 147 F.3d 605 (7th Cir. 1998). In other words, "there must be some kind of structural problem with Section 2255 before section 2241 becomes available." *Webster v. Daniels,* 784 F.3d 1123 (7th Cir. 2015).

Following *Davenport*, a petitioner must meet three conditions in order to trigger the savings clause. *See Davenport,* 147 F.3d at 611. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013. Second, he must show that he relies on a decision that he could not have invoked in his first Section 2255 motion *and* that case must apply retroactively. *Id. at 586.* Third, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Id.*

In the instant case, a quick perusal clearly shows that *Davenport* has not been satisfied to invoke the savings clause. Although *Rehaif v. United States*, 588 U.S. __, 139 S. Ct. 2191 (2019) was a case of statutory interpretation and was decided in 2019 well after his plea in 2015, the third factor is dispositive. Farley has not and cannot demonstrate that there has been a fundamental defect in his conviction grave enough

8

to be a miscarriage of justice. As set forth *infra,* Farley has a rather extensive criminal history and as a result of the plea agreement, received a sentence at the low end of the sentencing guidelines recommendation.

With respect to the third factor, the Seventh Circuit has described a miscarriage of justice as "the possibility that the convictions hinged on conduct Congress never intended to criminalize." *Kramer v. Olson,* 347 F.3d 214 (7th Cir. 2003). The third *Davenport* requirement is satisfied by demonstrating "so fundamental a defect in [a] conviction as having been imprisoned for a nonexistent offense." 147 F.3d at 611. A miscarriage of justice may also occur where a defendant is sentenced under an erroneous mandatory sentencing range. Hawkins v. U.S., 706 F.3d 820 (7t Cir. 2013).

Farley does not argue that he was convicted of a nonexistent offense or that he is innocent of the offense to which he pled guilty. He entered into the plea agreement, which specified his criminal history, and he was sentenced accordingly. (Doc. 9-1). That does not demonstrate a miscarriage of justice.

### III.   <u>Change of Address</u>

On October 6, 2020, this case was reassigned to this Judge and notice was sent to Farley at Greenville FCI. (Doc. 11). On October 26, 2020, the notice was returned as undeliverable, and the envelope stated, "Return to Sender" "Refused" and "Unable to Forward". (Doc. 12). According to a search of the Federal Bureau of Prisons ("BOP") inmate locator, Farley is now with the RRM Chicago Residential Reentry Office. *See*

BOP Inmate Locator, (last visited on November 13, 2020), https://www.bop.gov/inmateloc/

Farley has not notified this Court of his move. It is his duty to notify the court of a change of address. This Court reached out to Farley on January 16, 2020 granting him until March 2, 2020 to file a Reply. (Doc. 10). There has been no communication with Farley since that time.  Accordingly, he has also failed to prosecute this matter.

## Conclusion

Farley's Petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1), is **DISMISSED** with prejudice.

The Clerk of Court is directed to enter judgment accordingly and to provide a copy of this Memorandum and Order to the United States Attorney for this district.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 Petition. *Walker v. O'Brien,* 216 F.3d 626 (7th Cir. 2000). If Petitioner wished to appeal, he may file a notice of appeal with this Court within 60 days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B)(iii). A proper and timely-filed motion pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline.  A Rule 59(e) motion must be filed no more than 28 days after the entry of the judgment, and this 28-day deadline cannot be extended.

A motion for leave to appeal *in forma pauperis* must identify the issues Petitioner plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison

trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915 (e)(2); *Ammons v. Gerlinger,* 547 F.3d 857 (7th Cir. 1999); *Sloan v. Lesza,* 181 F.3d 857 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED:  November 16, 2020**

<u>**s/Stephen P. McGlynn**</u>
**STEPHEN P. McGLYNN**
**United States District Judge**